IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAULA OLSON,

    Plaintiff,

v().

SEDGWICK COUNTY, KANSAS, et al.,

    Defendants.

Case No. 2:23-CV-2319-JAR-ADM

## MEMORANDUM AND ORDER

On January 16, 2024, the Court granted in part and denied in part a motion to dismiss by Defendants Sedgwick County and the Sedgwick County Department on Aging ("SCDA").[1] This matter is currently before the Court on Plaintiff's Motion for Leave to Amend the Complaint (Doc. 17), which seeks to re-add the Family and Medical Leave Act ("FMLA")[2] interference claim that the Court dismissed as uncontested. The motion is fully briefed and the Court is prepared to rule. For the reasons described below, the Court denies Plaintiff's motion.

**I.    Background**

The factual allegations in the original Complaint are set out in detail in the Court's prior Order.[3] By way of summary, Plaintiff alleges she is a former employee of the SCDA. Plaintiff has autism, which impedes her ability to communicate with others. Plaintiff also has debilitating episodic migraines. After Plaintiff notified Defendants of her autism, she was written up for communication issues, subjected to harassment, and denied accommodations. Plaintiff was also

---

[1] Doc. 16-1. Though the Court ordered that Defendant SCDA be dismissed from this suit in its previous Order, the Court names the SCDA as a Defendant because the SCDA has not yet been terminated from the action.

[2] 29 U.S.C. § 2611.

[3] *Id.* at 3–5.

denied leave for her migraines. Plaintiff felt like she was being harassed and forced out, and her complaints were being ignored. As a result, Plaintiff felt that she was forced to resign.

Plaintiff filed this action on July 20, 2023, raising three claims under the Americans with Disabilities Act ("ADA"),[4] as amended by the ADA Amendments Act of 2008 ("ADAAA"),[5] and one claim under the FMLA for interference. Defendants moved to dismiss each claim for failure to state a claim, and also argued that Plaintiff improperly named Defendants. In its January 16 Order, this Court found that Plaintiff improperly named Defendant Sedgwick County, and improperly sued the SCDA. For this reason, the Court dismissed the SCDA from this suit, but granted Plaintiff leave to amend to properly name the County.[6] The Court denied Defendants' motion to dismiss Plaintiff's ADA claims, finding that Plaintiff stated plausible claims. However, the Court granted Defendants' motion to dismiss Plaintiff's FMLA interference claim because it was uncontested. The Court alternatively held that the FMLA claim would also fail on the merits for failure to state a claim.

## II.     Standard

Under Fed. R. Civ. P. 15(a)(2), leave to amend a complaint is freely given when justice so requires. A party is typically granted leave to amend under this rule unless there is "a

---

[4] 42 U.S.C. §§ 12101–12213.

[5] Pub. L. No. 110-325, 122 Stat. 3553.

[6] Plaintiff's instant motion asserts that, in her response to Defendants' motion to dismiss, she professed an intent "to amend her Complaint to correct any errors the Court found with the Complaint." Doc. 17 ¶ 9. This is inaccurate. The only statement in the response pertaining to amendment is: "Plaintiff does not object to changing the party name, and is willing to file a motion pursuant to Rule 15(a)(2) to do so." Doc. 15 at 3. This statement was not a general request to amend her complaint to correct any deficiencies the Court found. Regardless, the Court granted leave to amend for the limited basis of properly naming the County because the pleading error was technical, not substantive.

2

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[7]

**III.   Discussion**

Plaintiff seeks leave to amend her Complaint not only to comply with the Court's Order, but also to re-add the FMLA claim that the Court dismissed as uncontested. Plaintiff does not explain why she failed to respond to Defendants' motion to dismiss her FMLA claim.[8] Defendants oppose Plaintiff's motion by arguing that it would be improper, and in contradiction of the Court's local rules, to grant leave to amend a claim that was dismissed as uncontested.[9] But in Plaintiff's reply to this motion, she again offers no explanation for why she failed to contest Defendants' motion to dismiss the FMLA claim. Instead, Plaintiff asserts that the fact that the Court dismissed the FMLA claim as uncontested is irrelevant. The Court disagrees.

D. Kan. Rule. 7.1(c) provides that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." This rule serves an important function in our District by incentivizing the active participation of parties in their suits. Given that Plaintiff presents no explanation for why she failed to respond to Defendants' arguments on the FMLA claim, the Court is not inclined to counteract its local rules by granting leave to amend.

---

[7] *Duncan v. Manager*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[8] In fact, Plaintiff does not even mention the fact that the Court dismissed her FMLA claim as uncontested. Doc. 17 ¶ 7. Instead, Plaintiff states only that the Court dismissed her FMLA claim for failing to state a claim. *Id.* This is inaccurate. The Court's Order clearly stated that it dismissed her FMLA claim as uncontested, but noted that, even if the Court *were* to consider the merits, the Court would dismiss the claim for failure to state a claim. Doc. 16-1 at 15.

[9] Defendants alternatively argue that granting leave to amend to re-add the FMLA claim would be futile. Doc. 21 at 7. The Court need not consider futility because it denies leave to amend based on Local Rule 7.1(c), undue delay, and prejudice.

showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[7]

**III.   Discussion**

Plaintiff seeks leave to amend her Complaint not only to comply with the Court's Order, but also to re-add the FMLA claim that the Court dismissed as uncontested. Plaintiff does not explain why she failed to respond to Defendants' motion to dismiss her FMLA claim.[8] Defendants oppose Plaintiff's motion by arguing that it would be improper, and in contradiction of the Court's local rules, to grant leave to amend a claim that was dismissed as uncontested.[9] But in Plaintiff's reply to this motion, she again offers no explanation for why she failed to contest Defendants' motion to dismiss the FMLA claim. Instead, Plaintiff asserts that the fact that the Court dismissed the FMLA claim as uncontested is irrelevant. The Court disagrees.

D. Kan. Rule. 7.1(c) provides that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." This rule serves an important function in our District by incentivizing the active participation of parties in their suits. Given that Plaintiff presents no explanation for why she failed to respond to Defendants' arguments on the FMLA claim, the Court is not inclined to counteract its local rules by granting leave to amend.

---

[7] *Duncan v. Manager*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[8] In fact, Plaintiff does not even mention the fact that the Court dismissed her FMLA claim as uncontested. Doc. 17 ¶ 7. Instead, Plaintiff states only that the Court dismissed her FMLA claim for failing to state a claim. *Id.* This is inaccurate. The Court's Order clearly stated that it dismissed her FMLA claim as uncontested, but noted that, even if the Court *were* to consider the merits, the Court would dismiss the claim for failure to state a claim. Doc. 16-1 at 15.

[9] Defendants alternatively argue that granting leave to amend to re-add the FMLA claim would be futile. Doc. 21 at 7. The Court need not consider futility because it denies leave to amend based on Local Rule 7.1(c), undue delay, and prejudice.

The Court finds that granting leave to amend to re-add the FMLA claim would also constitute undue delay. Though this case is still in the early stages of litigation, in the Tenth Circuit, undue delay may be found "when the party filing the motion has no adequate explanation for the delay."[10] Here, Plaintiff had multiple opportunities to explain why she failed to respond to Defendants' motion to dismiss her FMLA claim—she declined to do so.

Similarly, granting leave to amend would be prejudicial to Defendants because Defendants lost a reply opportunity on their motion to dismiss. Defendants did not address the FMLA claim in their reply to the motion to dismiss because it was uncontested. Given this disparity, the Court finds that granting leave to amend would put Defendants at a disadvantage.

For all the foregoing reasons, the Court declines to grant Plaintiff leave to amend her complaint to re-add the FMLA claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Amend the Complaint (Doc. 17) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff shall file an amended complaint in accordance with this Court's January 16 Order by March 12, 2024.

**IT IS SO ORDERED.**

Dated: March 5, 2024

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE

---

[10] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citations omitted)).